UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OMAR TAKI FREEMAN,

                              Plaintiff,

    -against-

RIKERS ISLAND C-95, EAST ELMHURST
11370

                              Defendant.
-----------------------------------------------------------x

MEMORANDUM & ORDER

14-cv-0349 (ENV) (VVP)

VITALIANO, D.J.,

    Plaintiff Omar Freeman, apparently still in local custody but undergoing treatment in Creedmore Psychiatric Center, and proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983. The Court grants Freeman's collateral application, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis* for purposes of this motion only. The Court, however, dismisses, *sua sponte*, all of Freeman's claims.

## Background

    Freeman's complaint is largely incomprehensible. In the statement of claim section, he alleges "assault, wrongful incarceration, bad conditions, robbery." He states further that he was "assaulted by [an] inmate in [his] cell" and "suffered swolled [*sic*] right eye." (Compl. at 4.) The complaint lists Rikers Island Correctional Facility as the sole defendant. Along with those bare allegations, the complaint contains several pages of handwritten ramblings that do not pertain to

1

any alleged assault. Instead, the complaint contains such non-sequitors as "The doctor said I had cocaine in my system and I hadn't smoked any since October 4, 2013." (Compl. at 8.) Since filing the complaint on January 14, 2014 Freeman has submitted several handwritten letters addressed to the Court, the contents of which also do not relate to any alleged assault and, instead, include phrases such as "100 Million Death Toll." (See Letter of Feb. 1, 2014, Dkt #6.)

## Standard of Review

The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system. See Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant need not demonstrate destitution, but he or she must demonstrate poverty to qualify. See Potnick v. Eastern State Hosp., 701 F.2d 243, 244 (2d Cir. 1983). Whether a plaintiff is eligible for in forma pauperis status is a determination that lies within the sound discretion of the district court. See Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action *sua sponte* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co.,

141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

As noted above, Freeman's complaint is largely incomprehensible, and certainly does not meet the pleading standard necessary to state a claim under § 1983, which requires that a plaintiff allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Additionally, the sole named defendant, Rikers Island Correctional Facility, is a non-suable entity. Farray v. Riker's Island Correctional Facility, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) ("Rikers Island is not a 'person' within

the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently.") Accordingly, because the complaint is utterly void of merit, the Court dismisses all of plaintiff's claims.

## Conclusion

The Court grants Freeman's application to proceed *in forma pauperis* for purposes of this motion only. But, the Court dismisses all of Freeman's claims pursuant to § 1915.

The Clerk of Court is directed to enter judgment dismissing and closing this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    Brooklyn, New York
           March 17, 2014

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge